IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNE M. GUERRA, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-763-XR |
| | § | |
| WELLS FARGO BANK, N.A., ET AL., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

On this day the Court considered Defendants' Motion to Dismiss (docket no. 3) and Plaintiff's duplicate Motions for Leave to File First Amended Complaint (docket nos. 9, 10). After careful consideration, the Court will GRANT Defendants' Motion to Dismiss and DENY Plaintiff's Motions for Leave to File First Amended Complaint.

## BACKGROUND

Plaintiff Anne M. Guerra filed a state court petition with an application for a temporary restraining order in the 25th Judicial District Court of Guadalupe County, Texas, on August 28, 2015.  Docket no. 1-1.  Guerra sought to block a foreclosure sale of her property scheduled for September 1, 2015.  *Id.* at 4.

Guerra purchased the property located at 2394 Ridge Rock, New Braunfels, Texas, 78130 (the "Property"), on February 1, 2008.  Docket no. 3-1 at 2.  Guerra entered into a mortgage for real property with Defendant Wells Fargo Bank, N.A.'s (Wells Fargo) predecessor in interest. *Id.*  Guerra became unemployed in February 2015, and admits that she subsequently defaulted on the loan.  Docket no. 1-1 at 5.

1

Guerra alleges Wells Fargo made misrepresentations about a special forbearance she contends she was entitled to, both orally and on the internet, and that Wells Fargo "wrongfully took steps to commence non-judicial foreclosure proceedings." *Id.* Guerra further maintains Wells Fargo "did not comply with conditions precedent to lawfully or legitimately non-judicially foreclosure." *Id.* At some point after February 2015, Wells Fargo declared the note accelerated and scheduled a non-judicial foreclosure for September 1, 2015. *Id.* at 4.

Guerra filed her petition in state court on August 28, 2015, and the state court granted the temporary restraining order to stop the foreclosure sale scheduled for September 1. Docket no. 1-1 at 15. Wells Fargo removed the case to this Court on September 3, asserting this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332[1], and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441[2]. Guerra did not file a motion to remand and does not contest this Court's jurisdiction. *See* docket no. 10-1 at 2.

Wells Fargo filed its Motion to Dismiss pursuant to Rule 12(b)(6) on September 24, 2015. Docket no. 3. Guerra filed her response on November 3, 2015. Docket no. 8. She also filed duplicate Motions for Leave to File a First Amended Complaint the same day. Docket nos. 9, 10. Wells Fargo filed a response to those motions on November 10, 2015. Docket no. 11.

## ANALYSIS

### I.      Motion to Dismiss

---

[1] *See* docket no. 1 (asserting that Wells Fargo is a national banking association whose citizenship is determined by the location of its main office, which is in South Dakota, and that Guerra is a citizen of Texas; and attaching evidence showing a property value of $199,530; Wells Fargo also asserts the Substitute Trustees are improperly joined and not required to join in or consent to the Notice of Removal, and the Substitute Trustees citizenship should not be considered for purposes of diversity); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).

[2] *See* docket no. 1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a) (providing that a civil action brought in state court can be removed to federal court "if the district courts of the United States have original jurisdiction" over the action). Guerra's case arises under 38 U.S.C. § 3732, a federal statute. This Court has original jurisdiction over cases that arise under the laws of the United States, and thus the case is removable.

Guerra's state court petition alleges the following causes of action:  1) breach of contract; 2) fraud and/or constructive fraud; 3) violation of the Texas Debt Collection Practices Act (TDCA); 4) trespass to try title; 5) unlawful debt collection; 6) estoppel, promissory estoppel, and equitable estoppel; and 7) breach of fiduciary duty.   Docket no. 1-1 at 7.   Additionally, Guerra has requested injunctive relief.  *Id.*  Wells Fargo argues that Guerra has failed to state a claim for which relief can be granted.  Docket no. 3 at 2.  The Court will grant the motion and dismiss all claims.

## A.  Standard of Review and Documents that may be Considered

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  A well-

pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'").

### B.  Improper Joinder

Wells Fargo argues in its Notice of Removal that the twelve Substitute Trustees also named as Defendants were improperly joined. Docket no. 1 at 3–7. As a result, Wells Fargo contends that while the Trustees would defeat complete diversity if they were proper parties, because they were improperly joined, they should be dismissed from the suit and thus there is complete diversity between the parties. *Id.* at 3. Guerra seemingly admits that the Trustees are improperly joined by stating that the Court has diversity jurisdiction. Docket no. 10-1 at 2.

To establish improper joinder, a removing party must show that the plaintiff cannot establish a viable cause of action against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). In Texas, a foreclosure trustee

4

must act with absolute impartiality and fairness to both the mortgagor and mortgagee. *Myrad Properties, Inc. v. LaSalle Bank Nat. Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009); *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex.1977). Nevertheless, a trustee is not a fiduciary to either party. *See* Tex. Prop. Code § 51.0074(b)(2) ("A trustee may not be held to the obligations of a fiduciary of the mortgagor or mortgagee."). Moreover, the Texas Property Code insulates trustees from liability for "any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code § 51.007(f).

While courts have allowed claims against trustees for their errors in noticing a property for foreclosure sale or for their errors in the actual conduct of a sale, courts have generally rejected attempts to hold trustees liable for mortgagees' alleged errors in servicing their loans. *See e.g.*, *Mortberg v. Litton Loan Servicing, L.P.*, Civ. Ac. No. 4:10-CV-668, 2011 WL 4431946 (E.D. Tex. Aug. 30, 2011) *report and recommendation adopted*, Civ. Ac. No. 4:10-CV-668, 2011 WL 4440170 (E.D. Tex. Sept.22, 2011) (dismissing claims against a trustee where the plaintiff alleged no specific facts indicating the conduct by the trustee could be distinguished from actions taken by the mortgage servicer).

Here, Guerra has alleged no wrongdoing by the Trustees in either her state court Petition or her proposed Amended Complaint. The only time Guerra even references the Trustees in either document is in her request for injunctive relief. *See* docket no. 1-1 at 11. The fact that Guerra seeks injunctive relief against the Substitute Trustees does not prohibit a finding of improper joinder, because injunctive relief is dependent on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, Civ. Ac. No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D.

5

Tex. July 12, 2010). Furthermore, this Court has routinely disregarded the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees. *See, e.g.*, *Klein v. Wells Fargo Bank, N.A.*, Civ. Ac. No. A-14-CA-154-SS, 2014 WL 1342869, at *3 (W.D. Tex. Apr. 3, 2014) (ignoring trustee's citizenship and finding the trustee was improperly joined where petition contained no allegations against trustee individually); *Eisenberg v. Deutsche Bank Trust Co. Americas*, Civ. Ac. No. SA–11–CV–384–XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011) (holding that a trustee did not defeat diversity jurisdiction where the trustee was named solely to prevent foreclosure, no foreclosure sale had occurred, and there was no allegation of any wrongdoing by trustee). Thus, the Court concludes that Guerra lacks any possibility of prevailing on her claims against the Trustees and holds that they have been improperly joined and should not be considered when analyzing the Court's subject matter jurisdiction over this case.

### C. Breach of Contract

Guerra asserts a breach of contract claim and alleges that Wells Fargo "failed to comply with contractual terms" of her loan agreement. Docket no. 1-1 at 6. In its motion, Wells Fargo argues that Guerra has failed to state a claim for breach of contract because she did not—and cannot—allege that she performed her obligations under the note and deed of trust. Docket no. 3 at 4. Additionally, Wells Fargo contends that Guerra did not identify a specific provision of a contract that has been breached or specify what agreement had been breached. *Id.* at 5. In her response, Guerra simply lists the elements of a breach of contract claim but does not point to any facts in the Petition that support such a claim, or present any arguments as to why the Petition satisfies the Rule 12(b)(6) standard. *See* docket no. 8 at 2.

To prevail on a breach of contract claim in Texas, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).  The Court finds that even when taking all facts alleged in the Petition as true, Guerra has failed to state a breach of contract claim upon which relief can be granted.

1. Guerra's admitted breach

Guerra essentially admits in her Petition that she defaulted on her mortgage by attaching a letter from the Department of Veterans Affairs that confirms she is in default.  Docket no. 1-1 at 11.  To succeed on a breach of contract claim, a plaintiff must show that he or she performed under the contract prior to any alleged breach by a defendant.  *Smith Int'l, Inc.*, 490 F.3d at 387.  Texas law provides that "'a party to a contract who is himself in default cannot maintain a suit for its breach.'"  *Wicker v. Bank of Am., N.A.*, Civ. Ac. No. EP-14-CV-91-PRM, 2014 WL 10186157, at *3 (W.D. Tex. Aug. 27, 2014) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).  As Guerra has admitted failure to perform under the contract, she is unable to succeed on a breach of contract claim.

2. Guerra did not cite specific provisions

Even if Guerra had not admitted her prior breach, to meet the standard of pleadings for a claim of breach of the note and Deed of Trust, Guerra must identify which specific provision of the contract Wells Fargo breached.  *See Watson v. CitiMortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011).  She has failed to do so.  Instead, Guerra simply alleges that "Defendant failed

7

to comply with contractual terms."   Docket no. 1-1 at 6. Such a conclusory allegation is not sufficient to satisfy the standard of pleading set forth in *Iqbal* and *Twombly*, and does not fulfill the requirement under Texas law to allege which specific contractual provision a defendant has breached.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Watson*, 814 F. Supp. 2d at 732 ("Further, in order to properly plead a claim based on breach of the Note and Deed of Trust, Plaintiffs must point to a specific provision in the contract that was breached by the Defendant." Guerra's claim for breach of contract is dismissed.

### D. Fraud

In her Petition, Guerra asserts a fraud/constructive fraud claim but provides no factual allegations that point to any fraud on the part of Wells Fargo.  *See* docket no. 1-1 at 6.  In its motion to dismiss, Wells Fargo argues that Guerra has failed to state a claim for fraud or constructive fraud because she has not satisfied the heightened standard of pleading required for fraud and is barred by the economic loss rule.  Docket no. 3 at 5.  In her response, Guerra again provides a recitation of the elements for both fraud and constructive fraud and does not point to any facts in the petition that support such a claim, or present any arguments as to why the petition satisfies the Rule 12(b)(6) standard.  *See* docket no. 8 at 4.  Instead, after listing the elements, Guerra simply states that "[t]hese factual allegations show a right to relief that is plausible," without having actually provided any factual allegations.  *Id.*

1. <u>Fraud</u>

First, the elements of fraud in Texas are: "1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the

speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).  Additionally, as Wells Fargo points out, plaintiffs alleging fraud must meet a heightened pleading standard.  Fed. R. Civ. P. 9(b).  To meet the heightened standard, Guerra must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).  Rule 9(b) requires that the pleading include the "who, what when, where, and how" of the alleged fraudulent statement.  *Williams*, 112 F.3d at 179 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994).  These requirements provide fair notice to the defendant of the plaintiff's claim, and prevent plaintiffs from "filing baseless claims and then attempting to discover unknown wrongs." *In re Baker Hughes Securities Litigation*, 136 F. Supp. 2d 630, 637 (S.D. Tex. 2001) (citing *Melder*, 27 F.3d at 1100).

A plaintiff need only generally allege "[m]alice, intent, knowledge, and other conditions of [the defendant's] mind." Fed. R. Civ. P. 9(b).  Pleading scienter, however, requires "more than a simple allegation that a defendant had fraudulent intent"; the pleading must "set forth specific facts that support an inference of fraud." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  Fraudulent intent can be inferred by alleging facts that show the defendant's motive to commit the alleged fraud, or that identify circumstances that indicate conscious behavior on the part of the defendant. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Fraud may be pled based on information and belief if the facts are "peculiarly within the opposing party's knowledge." *Id.*

Here, Guerra has alleged no facts regarding the purported fraud that occurred, other than a reference to "internet representations posted by the Defendant" and "verbal misrepresentations made by the Defendant." Docket no. 1-1 at 5. She has not provided the Court with the "who, what, when, where, and how" required by Rule 9(b), nor has she set forth any facts alleging fraudulent intent. As a result, Guerra has failed to state a claim for fraud in her petition.

2. Constructive Fraud

Second, constructive fraud is the breach of a legal or equitable duty that is considered fraudulent because it violates a fiduciary relationship. *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. App.—Fort Worth 2004, pet. denied). Constructive fraud does not require intent to defraud. *Id.* Additionally, "not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176–77 (Tex. 1997). "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998). Under Texas law, "the relationship between a borrower and its lender generally does not create a fiduciary duty or impose a duty of good faith and fair dealing." *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 747 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also 1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("Generally,

10

the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests.").

Guerra has not alleged any facts that point to the existence of a fiduciary duty.  Since the mere forming of a borrower-lender relationship does not create fiduciary duties, Guerra has failed to state a viable claim for constructive fraud.  The Court grants Wells Fargo's motion on these claims; the fraud and constructive fraud claims are dismissed.

### E.  Alleged Violations of the TDCA

Guerra also lists violation of the Texas Debt Collection Practices Act §§ 392.301(a)(8), 392.301(b), 392.303(b), and "392.304(8)j" as a cause of action in her petition.  Docket no. 1-1 at 7.  Wells Fargo argues that Guerra has not alleged any wrongdoing by the bank that would violate the TDCA and that regardless, such a claim would be barred by the economic loss rule[3].

---

[3] The Court need not examine Wells Fargo's arguments about the economic loss rule because it finds that Guerra has failed to state a claim for violations of the TDCA for other reasons, as explained below.  However, the Court will remind counsel for Wells Fargo that the Fifth Circuit contemplated the exact arguments made by Wells Fargo here in another case involving the bank, in which Wells Fargo was also represented by Locke Lord, this summer.  *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463 (5th Cir. 2015).  In *McCaig*, Wells Fargo argued that the economic loss rule barred a mortgagor from bringing a claim under the TDCA—just as Wells Fargo again argues here. The Fifth Circuit clearly and expressly held that the economic loss rule did not apply to the statute:

> If Wells Fargo violated the TDCA, it can be held liable for those violations even if there are contracts between the parties, and even if Wells Fargo's prohibited conduct also amounts to contractual breach. A statutory offender will not be shielded from liability simply by showing its violation also violated a contract.
>
> Indeed, the TDCA contemplates that there will often be contractual duties running between a consumer and debt collector,[5] and a debt collector's otherwise wrongful conduct may be permissible if authorized by contract. *See, e.g.,* Tex. Fin. Code § 392.301(b)(3) (providing that debt collectors are not prevented from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings"); § 392.303(a)(2) (prohibiting debt collectors from collection or attempted collection of certain charges "unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation"). Permitting debt collectors to cast the absence of a contractual right as a mere contractual breach triggering the economic loss rule would fundamentally disrupt the statutory scheme.
>
> . . . .

Docket no. 3 at 9.  Guerra does not discuss or mention her TDCA claim in her response.  *See* docket no. 8.  It is uncontested by Wells Fargo that mortgage servicers and assignees, like Wells Fargo here, "are debt collectors, and therefore are covered, under the TDCA." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

The first TDCA provision listed by Guerra is § 392.301(a).  This section prohibits a debt collector from "threatening to take an action prohibited by law" when collecting a debt. Tex. Fin. Code § 392.301(a)(8).  Guerra has not alleged anywhere in her petition that Wells Fargo made any threats of illegal action to her.  As such, she has failed to state a claim for violation of § 392.301(a).

Next, Guerra lists § 392.301(b).  As Wells Fargo points out in its motion, this section of the TDCA authorizes a debt collector to take lawful actions, like exercising its contractual right to conduct a non-judicial foreclosure.  Tex. Fin. Code § 392.301(b).  It is not prohibitive in nature, and as such, cannot be the basis of a claim for violation of the TDCA.  Similarly, the next provision cited by Guerra—§ 392.303(b)—is also not prohibitory in nature.  Section 392.303(b) provides that "a creditor may charge a reasonable reinstatement fee as consideration for renewal of a real property loan or contract of sale, after default, if the additional fee is included in a written contract executed at the time of renewal." *Id.* § 392.303(b).  The section does not prevent a debt collector like Wells Fargo from doing anything, and even if it did, it is wholly inapplicable to this case—Guerra alleges nowhere in her petition that she was charged any sort of

---

The economic loss rule does not bar the McCaigs' TDCA claims.

*Id.* at 475.  Counsel for Wells Fargo has failed to cite *McCaig* in their motion, let alone provide arguments as to why the facts of this case could perhaps warrant this Court departing from the decision reached by the Fifth Circuit.

reinstatement fee, and in fact, no reinstatement has even occurred.  As a result, this section cannot be the basis of any sort of TDCA claim.

Finally, Guerra lists § "392.304(8)j."  No such section of the TDCA exists.  However, the Court will explore another potential section that Guerra may have meant to refer to: section 392.304(a)(8).  That section prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."  Tex. Fin. Code § 392.304(a)(8).  Guerra states no facts in her petition that indicate Wells Fargo has violated this section.  While she does contend that Wells Fargo made "internet misrepresentations" and "verbal misrepresentations" regarding her entitlement to forbearance because she is a veteran, the Court finds that such statements are not considered misrepresentations about the "character, extent, or amount of a consumer debt."  *See Watson v. Citimortgage, Inc.*, Civ. Ac. No. 4:10-CV-707, 2012 WL 381205, at *7 (E.D. Tex. Feb. 3, 2012) ("Discussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt.").  Thus, even if Guerra had intended to list § 392.304(a)(8) as opposed to § "392.304(8)j," Guerra would have failed to state a claim under that section.  The Court finds that Guerra has not stated any plausible claim for relief under the TDCA.  Guerra's claim for violations of the TDCA is dismissed.

### F.   Trespass to Try Title

Guerra's petition also lists trespass to try title as a cause of action.  Docket no. 1-1 at 7. In its motion to dismiss, Wells Fargo argues that Guerra has not alleged facts supporting any of

the elements required to bring such a claim.  Docket no. 3 at 13.  Guerra has not provided a response to Wells Fargo's arguments on this claim.  *See* docket no. 8.

Trespass to try title is a statutory cause of action used as a "method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001; *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012), *aff'd* Civ. Ac. No. 12–10920, 2013 WL 4017507 (5th Cir. 2013). Among other things, a suit for trespass to try title requires dispossession from property, since the action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which [the owner] has the right of immediate possession." *Rocha v. Campos,* 574 S.W.2d 233, 235 (Tex. Civ. App. Corpus Christi 1978); *see* Tex. R. Civ. P. 783 (listing the requisites of a trespass to try title petition, which include a statement of dispossession); *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 767 (N.D. Tex. 2012) ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice."). Here, Guerra has not alleged that she has been disposed of property.  In fact, earlier in this case, Guerra was granted a Temporary Restraining Order by the state court enjoining her dispossession. Docket no. 1-1 at 16. Therefore, Guerra has not stated a trespass to try title claim.

### G.  Unlawful Debt Collection

Guerra's petition also lists "unlawful debt collection" as a cause of action.  Docket no. 1-1 at 7.  Wells Fargo contends that Guerra fails to identify the source of such a named cause of action, and as such, Guerra has not complied with Rule 8(a).  Docket no. 3 at 13.  Guerra lists "unlawful debt collection" as one of her causes of action in her response, but otherwise makes no

mention of it, provides no case law or statutory authority creating such a cause of action, and points to no factual allegations in her petition that support such a claim.  *See* docket no. 8.

Rule 8(a) does require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to the relief."  Fed. R. Civ. P. 8(a).  However, this Court will construe Guerra's claim for "unlawful debt collection" as either a claim for common law unreasonable debt collection or violation of the TDCA.

### 1.   Unreasonable Debt Collection

In Texas, unreasonable debt collection is an intentional tort if there has been "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).  A claim for unreasonable debt collection is viable if a lender attempts to collect a debt that is not owed.  *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010) (citing, *e.g.*, *EMC Mortg.*, 252 S.W.3d at 868–69).  Guerra alleges no facts that indicate she has been harassed by Wells Fargo in any way, nor does she allege that Wells Fargo is attempting to collect a debt that is not owed.  As a result, she has not stated a claim for unreasonable debt collection.

### 2.   TDCA Violation

Any claim for "unlawful debt collection" is most likely a claim for violation of the TDCA, as "[t]he TDCA is the statutory embodiment of common law unreasonable collection practices and prohibits use of deceptive means, making misrepresentations, harassment, and threats in the course of collecting a consumer debt."  *See Smith v. JPMorgan Chase Bank, Nat. Ass'n*, Civ. Ac. No. 3:14-CV-2402-M-BN, 2014 WL 6790749, at *12 (N.D. Tex. Dec. 2, 2014). For the reasons stated above, Guerra has not alleged a viable claim for relief under the TDCA.

Wells Fargo's motion to dismiss as to Guerra's claim for "unlawful debt collection" is granted, and that claim is dismissed.

### H.  Estoppel, Promissory Estoppel, and Equitable Estoppel

In her petition, Guerra lists "estoppel, promissory estoppel, [and] equitable estoppel" as causes of action.  Docket no. 1-1 at 7.  Wells Fargo argues two things.  First, it maintains that equitable estoppel is not a valid cause of action, but only a defensive plea.  Docket no. 3 at 14.  Second, Wells Fargo contends that Guerra has failed to plead any factual allegations supporting estoppel or promissory estoppel, and that such claims, even if properly pled, would be barred by the parties' own agreements and the statute of frauds.  *Id.*

1.  Equitable Estoppel

First, as noted by Wells Fargo, equitable estoppel is not a cause of action in Texas, only a defensive assertion.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Guerra is thus unable to state any such claim.

2.  Estoppel/Promissory Estoppel

Second, Guerra has not pled sufficient facts—or any facts—evincing each of the elements of estoppel, or promissory estoppel.  Although normally a defensive theory, promissory estoppel can be asserted as a cause of action where a promisor unjustly induces another to substantial action or inaction.  *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013); *see e.g. Ford v. City State Bank of Palacios,* 44 S.W.3d 121, 138–40 (Tex. App.—Corpus Christi 2001, no pet.).  "The requisites of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance

by the promisee to his detriment." *Ford*, 44 S.W.3d at 139 (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

Guerra has not alleged any facts that would show she relied on any promise purportedly made by Wells Fargo to her detriment.  "To show detrimental reliance, a plaintiff must show that he materially changed his position in reliance on the promise." *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1002 (S.D. Tex. 2011) (citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983).  Nowhere in her petition does Guerra provide any facts that show she materially changed any position as a result of any promise Wells Fargo may have made to her.  As such, she has not stated a claim for estoppel/promissory estoppel that can satisfy the requirements of *Iqbal* and *Twombly*.

Furthermore, Guerra's promissory estoppel claim fails because she did not allege that Wells Fargo or its representatives agreed to reduce any of their alleged misrepresentations into writing.  The Fifth Circuit has explained:

> A loan agreement for more than $50,000 is not enforceable unless it is in writing. Tex. Bus. & Com.Code § 26.02(b). Similarly, a promise relating to the sale of real estate must be in writing. *Id.* § 26.01(b)(4). An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid.
>
> Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.

*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256–57 (5th Cir. 2013).  Here, Guerra has not alleged that Wells Fargo's purported misrepresentations about forbearance of her loan were in writing, nor has she alleged any facts that indicate Wells Fargo agreed to reduce them to writing.  Guerra's estoppel claims are dismissed.

17

### I.   Breach of Fiduciary Duty

Guerra also purports to state a claim for breach of fiduciary duty.  Docket no. 1-1 at 7.
Wells Fargo asserts that no fiduciary relationship exists between Guerra and the bank.  Docket
no. 3 at 15.  Guerra makes no mention of her claim for breach of fiduciary duty in her response,
other than a conclusory assertion that "the Defendant was a fiduciary to the Plaintiff."  *See*
docket no. 8.

A claim for breach of fiduciary duty requires that a fiduciary relationship exist between
the plaintiff and the defendant. *Heritage Gulf Coast Properties, Ltd. v. Sandalwood Apartments*,
Inc., 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  As explained
above, there is no fiduciary relationship between a borrower and a lender absent some sort of
special relationship of trust and confidence that exists prior to the loan agreement. *Baskin*, 837
S.W.2d at 747.  Guerra has alleged no facts that would indicate there was a fiduciary relationship
between herself and Wells Fargo.  As a result, she has failed to state a claim for breach of
fiduciary duty upon which relief can be granted and any such claim is dismissed.

### J.   Injunctive Relief

Finally, Guerra has requested a permanent injunction prohibiting Wells Fargo from
proceeding with the non-judicial foreclosure of the property.  Docket no. 1-1 at 6.  However,
Guerra's request for an injunction enjoining Wells Fargo from attempting to sell or foreclose on
the property is denied, as her request is not supported by a viable underlying cause of action. *See
Pajooh v. Harmon*, 82 F. A'ppx 898, 899 (5th Cir. 2003); *see, e.g., Von Scheele v. Wells Fargo
Bank, N.A.*, Civ. Ac. No. SA–12–CV–00690–DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept.
23, 2013); *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co., N.A.*, 958 F.

Supp. 2d 738, 752 (W.D. Tex. 2013), *appeal dismissed* (Dec. 20, 2013) ("Because Plaintiff has not pleaded a single viable cause of action, he cannot make this showing and accordingly his request for injunctive relief is dismissed.").

The Court finds that Guerra has failed to state a claim on which relief can be granted, and all causes of action and requests for injunctive relief listed in the petition are dismissed.

## II.    Duplicate Motions for Leave to File a First Amended Complaint

Guerra filed two Motions for Leave to File a First Amended Complaint on November 3, 2015.  Docket nos. 9, 10.  The proposed Amended Complaint adds negligent misrepresentation as a cause of action and removes trespass to try title, unlawful debt collection, and breach of fiduciary duty as causes of action.  Docket no. 10-1.  Additionally, Guerra adds new factual allegations about phone conversations she had with both the VA and Wells Fargo.  Docket no. 10-1 at 2–4.  For the reasons stated below, the Court will deny the motions.

A district court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is a "bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).  While leave to amend is not automatically granted, a "district court must possess a substantial reason to deny a request for leave to amend." *Id.* (internal quotation marks omitted).  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

However, under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).   A district court acts well "within its discretion when dismissing a motion to amend that is frivolous or futile."   *Martin's Herend Imps, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).   The Fifth Circuit has held that amendment is futile "if the amended complaint would fail to state a claim upon which relief could be granted."   *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000); *see also Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2008) ("The district court did not abuse its discretion because, for the reasons above stated, the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing Briggs to amend the complaint would be futile.").   In performing this analysis, courts should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)."   *Stripling*, 234 F.3d at 873 (internal quotation marks omitted).

The Court finds that granting Guerra leave to amend would be futile, as the Amended Complaint attached as an exhibit to the Motion for Leave to File a First Amended Complaint fails to state a claim on which relief could be granted.   The proposed Amended Complaint states five causes of action:   1) breach of contract; 2) negligent misrepresentation; 3) fraud and/or constructive fraud; 4) violations of the TDCA; 5) promissory and equitable estoppel.

### A.  Breach of Contract

In her proposed Amended Complaint, Guerra again admits that she defaulted on her mortgage.   Docket no. 10-1 at 2 ("[Guerra] was not able to pay her monthly mortgage from

month of March, 2015 through and including the month of June, 2015.").  As explained above, a party to a contract who is themselves in default cannot maintain a claim for breach of contract. *Wicker*, 2014 WL 10186157 at *3.  As Guerra has admitted failure to perform under the contract, she is unable to succeed on a breach of contract claim and any amendment would be futile.

### B.  Negligent Misrepresentation

Guerra's only new cause of action in her proposed Amended Complaint is negligent misrepresentation.  Docket no. 10-1 at 5.  Wells Fargo argues in its response to Guerra's motion that such a claim fails as a matter of law for two reasons.  Docket no. 11 at 5–6.  First, the alleged misrepresentations are promises of future conduct, and second, such a claim is precluded by the economic loss rule.  *Id.*

To establish negligent misrepresentation in Texas, a plaintiff must show that: 1) the representation was made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; 2) the defendant supplied false information for the guidance of others in their business; 3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and 4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.  *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  Additionally, the false information complained of "must be a misstatement of an existing fact rather than a promise of future conduct."  *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.).

Here, Guerra has not alleged that she has suffered a pecuniary loss that flows directly from the alleged misrepresentations made by Wells Fargo—any statement by Wells Fargo that Guerra was entitled to forbearance caused no monetary loss to Guerra.  Moreover, the alleged

misrepresentations made by the Wells Fargo representatives were that Guerra would be entitled to a special forbearance and that her home would not be foreclosed upon for four months. Docket no. 10-1 at 3–4. Such promises constitute statements of future conduct, and are thus not grounds for a negligent misrepresentation claim. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 342 (5th Cir. 2012) ("Because representations regarding future loan modifications and foreclosure constitute 'promises of future action rather than representations of existing fact,' *De Franceschi*, 477 Fed. Appx. at 205, the negligent-misrepresentation claim was properly dismissed."); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (holding that bank's statements that a borrower was entitled to loan modification and a delay in foreclosure were statements of future conduct and thus not actionable under a negligent misrepresentation theory). As such, the attempt by Guerra to add a negligent misrepresentation claim is futile.

### C. Fraud/Constructive Fraud

Guerra's proposed Amended Complaint lists fraud and constructive fraud in its enumerated causes of action. Docket no. 10-1 at 5. The proposed complaint again fails to satisfy the heightened standard of pleading required for fraud claims pursuant to Rule 9(b). Nowhere in the amended facts does Guerra speak to a fraudulent intent on behalf of Wells Fargo other than a conclusory statement that an alleged promise that she was qualified for forbearance was made with "intention, design and purpose of deceiving the Plaintiff," and thus her claim for fraud fails. *See* docket no. 10-1 at 4. Furthermore, Guerra cannot maintain a claim for constructive fraud because as explained above, a lender and a borrower are not in a fiduciary relationship. *Baskin*,

837 S.W.2d at 747.  As a result, the proposed Amended Complaint cannot satisfy the standards of 12(b)(6) as to the fraud and constructive fraud claims.

### D.  Violation of the TDCA

Guerra's proposed Amended Complaint lists the same four provisions of the TDCA as her original petition.  *See* docket no. 10-1 at 5.  For the same reasons as explained above, the proposed amended complaint would fail to satisfy the standards of 12(b)(6) as to the claim for a TDCA violation.  First, Guerra has again not alleged anywhere in the complaint that Wells Fargo made any threats of illegal action to her, so she has failed to state a claim for violation of § 392.301(a).   Tex. Fin. Code § 392.301(a).   Second, §§ 392.301(b) and 392.303(b) are not prohibitive in nature and cannot be the basis for an affirmative cause of action.  *See id.* §§ 392.301(b), 392.303(b).  Finally, § "392.304(8)j" does not exist, and even if Guerra intended to cite § 392.304(a)(8), discussions about loan modification do not qualify as misrepresentations about the "character, extent, or amount of a consumer debt."    *See Watson*, 2012 WL 381205 at *7.

### E.  Promissory Estoppel/Equitable Estoppel

Finally, the claim for equitable estoppel and promissory estoppel in Guerra's proposed Amended Complaint would fail for the same reasons as the original Petition.  As explained above, equitable estoppel is not a cause of action in Texas.   *Joe*, 145 S.W.3d at 150.  Additionally, Guerra again fails to allege any facts that show she has relied on any promise made by Wells Fargo to her detriment, as she has included no facts that show she materially changed her position somehow.  As such, she has not stated a claim for promissory estoppel that can satisfy the requirements of *Iqbal* and *Twombly*.  Guerra also again does not allege that Wells

Fargo or its representatives agreed to reduce any promise into writing, which would be required to satisfy the statute of frauds. *See Martins*, 722 F.3d at 256–57. While Guerra does claim that Wells Fargo's web site "offered the Plaintiff a 'Forbearance Plan' under her circumstances," a review of the web site—attached by Plaintiff's counsel as an exhibit—shows it merely explains generally what forbearance is. Docket no. 10-1 at 3; docket no. 10-2 at 1. Nowhere does the web site say Guerra is entitled to forbearance. Guerra's proposed Amended Complaint would fail to satisfy the standards of Rule 12(b)(6)—for her listed estoppel claims and all other proposed claims—and thus, amendment would be futile.

## CONCLUSION

For all of these reasons, Defendants' Motion to Dismiss (docket no. 3) is GRANTED. Plaintiff Anne M. Guerra's claims are DISMISSED. Plaintiff's duplicate Motions for Leave to File First Amended Complaint (docket nos. 9, 10) are DENIED. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 21st day of December, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

24